# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| ALFRED A. JOHNSON SR., | : | Case No. 2:22-cv-4179 |
| Plaintiff, | : | |
| vs. | : | Judge Edmund A. Sargus, Jr. |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| ODRC ANNETTE CHAMBERS-SMITH, DIR., ET AL., | : | |
| Defendants. | : | |

## ORDER

This civil rights action is before the Court on several motions filed by Plaintiff, an Ohio prisoner proceeding *in forma pauperis* and without the assistance of counsel. To date, Plaintiff has filed three motion to amend his Complaint. (*See* Doc. 7, 9, 12). He has filed a motion to compel mandamus (Doc. 2) and a motion to sever cases (Doc. 11), which also includes a motion to compel mandamus.

Before Plaintiff's case can proceed further, this Court must screen the Complaint (Doc. 14). 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2). The Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ and 1915(e)(2) and 1915A(b). Screening is required under the Prison Litigation Reform Act because Plaintiff is a prisoner who is proceeding *in forma pauperis* and is seeking "redress from a governmental entity or officer or employee of a governmental entity." (*See* Doc. 13). *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

The Undersigned will conduct this initial screening as soon as practicable. The Court will then enter an order and, if appropriate, direct service of the Complaint and summons on Defendants. However, the filing of motions to amend the complaint delays this process. Plaintiff is **ORDERED** not to submit any additional filings in this case until after the Court has completed the initial screening of his Complaint and has addressed the motions to amend that have already been filed.

A copy of this Court's order screening the Complaint will be mailed to Plaintiff. Plaintiff is **ADVISED** that he must keep this Court informed of his current address, and promptly file a Notice of New Address if he is released or transferred.

Two of Plaintiff's pending motions can be resolved immediately. Plaintiff has moved to sever his cases.[1] (Doc. 11). Plaintiff refers to an additional action he attempted to file within this case against the clerks of court of Wyandot and Marion Counties, and others. (*Id*.; *see* Doc. 4). This Court found that including these claims in this case was not appropriate and, on December 16, 2022, a new case was opened for them. (*See* Order, Doc. 8). The new case was ultimately transferred to the United States District Court for the Northern District of Ohio. *See Johnson v. City of Upper Sandusky*, *et al.,* S.D. Ohio Case No. 2:22-cv-4408 (Doc. 2); N.D. Ohio Case No. 3:22-cv-2320.

Plaintiff also asks to sever his case against Taco Bell. (Doc. 11). Plaintiff's claims against Taco Bell were not filed in this case. Instead, they were filed as a separate case. *See Johnson v. Taco Bell, Corp. California*, S.D. Ohio Case No. 2:22-cv-4377. That case too was transferred to the United States District Court for the Northern District of Ohio. *Id*. (Doc. 2); *see* N.D. Ohio Case No. 3:22-cv-2319.

---

[1] The motion to sever was also filed in S.D. Ohio Case No. 2:22-cv-4377, which is discussed below. It has been separately resolved in that case.

As both of Plaintiff's other matters are already proceeding separately, his motion to sever (Doc. 11) is moot, and is accordingly **DENIED.**

Included within Plaintiff's motion to sever is a "Motion to Compel Mandamus." (Doc. 11). The purpose of this motion is not entirely clear; Plaintiff appears to ask this Court to order that the mailroom at Belmont Correctional Institution release a piece of his personal mail. (*Id.*). This request is **DENIED** at this time, as the Court does not currently have sufficient information to evaluate it. It is not clear whether this request is in any way related to the claims in the Complaint, which alleges that Plaintiff's mother was removed from his visiting list and that prison officials refused to mail out legal documents on his behalf. (Doc. 14). It is also not clear at this time whether these claims will proceed past screening. The issue may be revisited, if appropriate, at a later time.

Plaintiff has also filed a "Motion to Compel Mandamus" asking this Court to order Belmont Correctional Institution to produce certain records he believes are relevant to his claims. (Doc. 2). The Court construes this motion as a motion for discovery.

Plaintiff may not request discovery from this Court, and his request is otherwise premature. As discussed above, the Court must first screen the Complaint and determine whether any part of it must be dismissed. If the Court allows the claims to proceed, Plaintiff may seek discovery from Defendants in the manner described by the Federal Rules of Civil Procedure and this Court's local rules. *See generally El-Bey v. Sylvester*, No. 1:21-cv-680, 2022 WL 3154145, at *3 (S.D. Ohio Aug. 8, 2022) ("[A] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except under limited circumstances . . . Discovery requests are not to be filed of record, but instead must be served directly on the opposing party."). Plaintiff's motion for discovery (Doc. 2) is **DENIED** at this time.

3

The Court will resolve the three pending motions to amend (Doc. 7, 9, 12) along with the initial screen of Plaintiff's Complaint (Doc. 14).

**IT IS SO ORDERED.**

January 6, 2023                                      *s/Peter B. Silvain, Jr.*
                                                     Peter B. Silvain, Jr.
                                                     United States Magistrate Judge