UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| ALFRED A. JOHNSON, | : | Case No. 2:22-cv-4179 |
| Plaintiff, | : | |
| vs. | : | District Judge Edmund A. Sargus, Jr. |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| DIR. ANNETTE CHAMBERS-SMITH, *et al.*, | : | |
| Defendants. | : | |

### REPORT AND RECOMMENDATION[1]

This case is before the Court upon *pro se* Plaintiff's Motion for Payment Plan (Doc. #30).

On January 5, 2023, the Court granted Plaintiff's Motion for Leave to Proceed *in forma pauperis* and directed the custodian of Plaintiff's inmate trust account to forward to the Clerk of Court monthly payments of twenty percent of Plaintiff's preceding monthly income, but only when the amount in his account exceeds ten dollars. (Doc. #13, *PageID* #108).

In his Motion, Plaintiff requests that the Court only require him to pay $1.50 per month, an amount he indicates is less than twenty percent of his monthly income. (Doc. #30). He also notes that he has another case in the Southern District of Ohio[2] and "want[s] to pay both Courts only $1.50 a month" because he only receives $9.00 per month. *Id.*

Under the Prison Litigation Reform Act (PRLA), after payment of the initial partial filing fee, incarcerated litigants proceeding *in forma pauperis* "shall be required to make monthly

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.
[2] *See Johnson v. Chambers-Smith,* 1:23-cv-432-MRB-KAJ (S.D. Ohio July 7, 2023). On July 1, 2024, District Judge Michael R. Barrett denied Plaintiff's motion to modify the structure of his filing fee payment plan. *Johnson,* 1:23-cv-432-MRB-KAJ, ECF Doc. #22 (S.D. Ohio July 1, 2024).

payments of 20 percent of the preceding month's income credited to the [their] account . . . each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915(b)(2). The PLRA contains no language suggesting that the courts have authority or any discretion to allow prisoners to depart or deviate from the payment schedule explicitly set out in that statutory provision. *See Durham v. Moore*, No. 1:14-cv-816, 2016 U.S. Dist. LEXIS 15581, at *3 (S.D. Ohio Jan. 19, 2016), *Report and Recommendation adopted*, 2016 U.S. Dist. LEXIS 15561, at *1 (S.D. Ohio Feb. 9, 2016). Therefore, to the extent Plaintiff seeks to modify the payment terms of the January 5, 2023 Order, the Court should deny Plaintiff's Motion.

The Court should also deny Plaintiff's Motion to the extent that he seeks to make one combined monthly payment for both this case and *Johnson v. Chambers-Smith,* 1:23-cv-432-MRB-KAJ (S.D. Ohio July 7, 2023). Although the PLRA does not explicitly state whether the fee is to be collected on a "per case" or "per prisoner" basis, the Supreme Court held that the monthly installment payments are to be assessed on a per-case basis. *Bruce v. Samuels*, 577 U.S. 82, 85, 136 S. Ct. 627, 629 (2016). Therefore, Plaintiff's Motion should also be denied to the extent that he requests that the Court consolidate his monthly payments.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's Motion for Payment Plan (Doc. #30) be **DENIED**.

November 6, 2024

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

2

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).